**Sodhi SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–4301–AG.**

United States Court of Appeals, Second Circuit.

May 8, 2006.

Hector M. Roman, Jackson Heights, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra Phipps, Assistant United States Attorney, Donald J. Pashayan, Assistant United States Attorney, Jacksonville, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Sodhi Singh, though counsel, petitions for review of the BIA July 16, 2004 decision affirming the decision of Immigration Judge ("IJ") Joseph A. Russelburg denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

█ In this case, the IJ's adverse credibility determinations were substantially supported by the record as a whole, and were based on numerous and specific examples in the record of vague detail, contradictory testimony, and implausibilities. Specifically, the IJ reasonably concluded that it was improbable that "Pappu" would visit for one-half an hour, and then Singh's home would be immediately raided. As the IJ reasonably viewed it, it is more likely that if Singh's house was under surveillance, Pappu would have been arrested himself, because Pappu was the individual who had been forced to escape from India. Furthermore, the IJ noted that Singh's testimony was also called into question when he testified to the beatings that his wife received, but his wife's affidavit made no mention of the abuse. Moreover, Singh testified that his mother paid the 30,000 and 50,000 rupee bribes to have Singh released from jail, but the letter from Singh's wife stated that the bribes were paid by village officials. Finally, the country conditions report provided that any substantial movement for Sikh independence that was sought in the 1970s through early 1990s, has subsided, and currently there seems to be peaceful relations between the Sikhs and Indian authorities.

Singh has waived any challenge to the BIA's denial of CAT relief by failing to address this issue in his brief before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.